# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Johnathan Robins, : 
                 Petitioner : 
                 :
        v. : No. 495 M.D. 2024
                 : SUBMITTED: February 3, 2026
Pa. Dept. of Corrections and : 
Superintendent Salamon, : 
                 Respondents :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: July 13, 2026**

Before the Court are preliminary objections filed by Respondents Pennsylvania Department of Corrections and Superintendent Salamon in response to a Petition for Review in the nature of a complaint filed in our original jurisdiction by Johnathan Robins, an inmate incarcerated at State Correctional Institution-Phoenix (SCI-Phoenix). Asserting various claims under 42 U.S.C. § 1983, Robins asks the Court for a mandatory injunction requiring Respondents to issue him a mask during periods in which Robins is confined to his bunk.

For the reasons that follow, the Court dismisses the Petition to the extent it states claims against the Department under Section 1983. Because Superintendent Salamon is not a Commonwealth officer for purposes of our original jurisdiction under Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), the Court sustains Respondents' first preliminary objection. In the absence of any

claims against the Department, the Court does not have ancillary jurisdiction over Robins' claims against Superintendent Salamon. Accordingly, this matter is transferred to the Court of Common Pleas of Montgomery County.[1]

Robins avers the following in his Petition.[2] Robins suffers from asthma, which he treats with rescue and steroid inhalers provided by the Department. In November 2023, while incarcerated at SCI-Rockview, Robins notified the Unit Manager that he experienced breathing problems after another inmate sprayed hand sanitizer on the walls. The Unit Manager advised Robins to "move to another block." Pet. ¶ 9. Robins filed a grievance in January 2024, alleging that unit staff permitted inmates to use "excessive amounts of banned perfume oils" and to burn wicks and incense. Pet. ¶ 10. The grievance was denied for exceeding the permitted page length. Robins filed a second grievance in June 2024, alleging breathing problems because staff would not stop inmates from burning incense and using perfume oils. After the grievance was denied, Robins appealed and requested that the Department issue him a mask to filter the alleged smoke and fumes. The Department issued a final decision denying Robins' appeal in August 2024.

---

[1] The conduct alleged in Robins' Petition for Review occurred when Robins was incarcerated at SCI-Rockview, which has since closed. *See* https://inmatelocator.cor.pa.gov/#/Result (last visited May 26, 2026).

[2] In ruling on preliminary objections, the Court must accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible therefrom. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). When ruling on a demurrer, the Court must confine its analysis to the petition for review, although the Court may consider documents attached as exhibits to the petition for review or referenced therein. *Page v. Rogers*, 324 A.3d 661, 771 (Pa. Cmwlth. 2024) [citing *Torres*, 997 A.2d at 1245; *Fraternal Ord. of Police Lodge No. 5 by McNesby v. City of Phila.*, 267 A.3d 531, 541-42 (Pa. Cmwlth. 2021)]. We are not required to accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres*, 997 A.2d at 1245. Preliminary objections testing the legal sufficiency of a pleading will be sustained only where the pleading clearly fails to state a claim for which relief may be granted. *Id.*

Robins filed the instant Petition in October 2024, asserting violations of his right to clean air under Section 101 of the Clean Air Act,[3] article I, section 27 of the Pennsylvania Constitution, and the Clean Indoor Air Act.[4] Robins also asserts violations of his right to be free of cruel and unusual punishment under the Eighth Amendment of the United States Constitution and article 1, section 1 of the Pennsylvania Constitution, his right to equal protection under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1981, and article I, section 26 of the Pennsylvania Constitution, and violations of the Americans with Disabilities Act of 1990 (ADA).[5] By way of relief, Robins seeks an injunction requiring Respondents to provide him with a mask for periods in which he is confined to his bunk.[6]

Respondents filed preliminary objections in the nature of a demurrer, asserting that the Petition should be dismissed because (1) Superintendent Salamon is not a statewide actor for purposes of this Court's original jurisdiction; (2) Robins seeks mandamus relief, which cannot be invoked to compel a discretionary act; (3) Robins cannot satisfy the requirements for an injunction; and (4) Robins failed to state claims under the ADA, the United States and Pennsylvania Constitutions, the Clean Indoor Air Act or the federal Clean Air Act.

---

[3] 42 U.S.C. § 7401.

[4] Robins erroneously cites Section 10.1 of the Fire and Panic Act, the Act of April 27, 1927, P.L. 465, repealed by the Act of June 13, 2008, P.L. 182, No. 27 (Act 27), *formerly* 35 P.S. § 1230.1. In his brief opposing Respondents' preliminary objections, Robins correctly cites Section 2 of the Clean Indoor Air Act, 35 P.S. § 637.2, which Act 27 enacted.

[5] 42 U.S.C. §§ 12101-12213.

[6] Robins filed a Motion for Preliminary Injunction with this Court in November 2024, in which he requested the same relief sought in the Petition. The Court denied the Motion after concluding that Robins could not establish the elements required for a preliminary injunction.

The Court will first address the threshold issue of whether we have subject matter jurisdiction over the Petition, which explicitly seeks relief under Section 1983.[7]  Lack of subject matter jurisdiction may be raised at any time, including by the court *sua sponte*, if necessary.  *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 399 (Pa. 2021) (citations omitted).

Section 1983 relevantly provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

When reviewing whether a petitioner has stated a cognizable cause of action under Section 1983, the Court looks to whether the following elements have been met: (1) whether the complained-of conduct was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States.  *Flagg v. Int'l Union, Sec., Police, Fire Pros. of Am., Local 506*, 146 A.3d 300, 305 (Pa. Cmwlth. 2016) [citing *Palmer v. Bartosh*, 959 A.2d 508, 514 (Pa. Cmwlth. 2008)].  *See also Pa. Workers' Comp. Judges Pro. Ass'n v. Exec. Bd. of Com.*, 39 A.3d 486, 493 (Pa. Cmwlth 2012) (Section 1983 claim must allege

---

[7] Robins does not raise any direct causes of action for alleged violations of the above statutory and constitutional provisions.

4

violation of rights under the United States Constitution or federal law and show deprivation of rights was committed by person acting under color of state law).

The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, a claim under Section 1983 can only be predicated "upon violation of federal statutory or constitutional rights." *Robbins v. Cumberland Cnty. Child. & Youth Servs.*, 802 A.2d 1239, 1251 (Pa. Cmwlth. 2002) [citing *Kniepp v. Tedder*, 95 F.3d 1199, 1210 (3d Cir. 1996)]. A violation of Pennsylvania law alone "does not give rise to a constitutional claim," unless Pennsylvania law creates a right which is then protected by the due process clause of the Fourteenth Amendment of the United States Constitution.[8] *Id.*

Regardless, even if Robins could assert a Section 1983 claim for the alleged violations of Pennsylvania law or the Pennsylvania Constitution, as we have already noted, the Department is not a "person" for purposes of Section 1983. Thus, to the extent Robins seeks redress under Section 1983 for the violations alleged in the Petition, Robins cannot state claims against the Department. *Watkins v. Dep't of Corr.*, 196 A.3d 272, 275 (Pa. Cmwlth. 2018) (citations omitted). A state official, when sued for injunctive relief in his or her official capacity, is a person under Section 1983, however, because an "official-capacity action[] for prospective relief" is not treated as an action against the state. *Will*, 491 U.S. at 71 n.10. Therefore, the Court will only address Respondents' preliminary objections, and Robins' claims, as they pertain to Superintendent Salamon.

---

[8] The Fourteenth Amendment provides, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

5

In that regard, Respondents' first preliminary objection challenges the Court's jurisdiction over Superintendent Salamon as a Commonwealth officer under Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), which relevantly provides that this Court has original jurisdiction of civil actions against the Commonwealth government, including any officer thereof when acting in his or her official capacity. Pennsylvania courts have distinguished between Commonwealth officers and Commonwealth employees for purposes of this Court's original jurisdiction. A Commonwealth officer, over whom this Court would have original jurisdiction, performs statewide policymaking functions and is "charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Jones v. Peterman*, 743 A.2d 537, 538 (Pa. Cmwlth. 1999) [quoting *Mickens v. Jeffes*, 453 A.2d 1092, 1093 (Pa. Cmwlth. 1983)]. A Commonwealth employee, by contrast, "merely exercise[s] subordinate ministerial functions." *Balshy v. Rank*, 490 A.2d 415, 417 (Pa. 1985).

Robins does not identify any statewide policymaking functions performed by Superintendent Salamon or assert that she independently initiates "administrative policy regarding some sovereign function of state government." *Id.* at 417. Because Superintendent Salamon's duties were limited to SCI-Rockville, we agree with Respondents that she is not a Commonwealth officer for purposes of this Court's original jurisdiction under Section 761(a)(1). Although this Court has "ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction," 42 Pa.C.S. § 761(c), as discussed, Robins cannot bring suit against the Department under Section 1983. As a result, because this Court lacks ancillary jurisdiction over the claims

6

brought against Superintendent Salamon, we sustain Respondents' first preliminary objection.

Jurisdiction over Robins' Section 1983 claims lies with the Court of Common Pleas. Accordingly, we transfer Robins' Petition for Review to the Court of Common Pleas of Montgomery County.[9]

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[9] When a matter is brought in a court that does not have jurisdiction, the court shall not dismiss the matter but shall transfer it to the proper court of the Commonwealth. Pa.R.A.P. 751(a), 42 Pa.C.S. § 5103(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Johnathan Robins, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 495 M.D. 2024 |
| | : | |
| Pa. Dept. of Corrections and | : | |
| Superintendent Salamon, | : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 13th day of July, 2026, having concluded that Johnathon Robins may not bring claims against Respondent Pennsylvania Department of Corrections under 42 U.S.C. § 1983, the Petition for Review filed by Robins is DISMISSED as to the Department. Respondents' first preliminary objection as to jurisdiction over claims against Superintendent Salamon is SUSTAINED. Robins' Petition for Review is hereby transferred to Court of Common Pleas of Montgomery County.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita